IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE DANIEL JOHNSON,

    Plaintiff,                     No. CIV S-04-1523 MCE GGH P

    vs.

YOLO COUNTY DEPARTMENT
OF HUMAN SERVICES, et al.,        ORDER &

    Defendant.               FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed on January 12, 2005, plaintiff's first amended complaint was dismissed,[1] largely because plaintiff failed to comply with Fed. R. Civ. P. 8. Plaintiff filed a timely second amended complaint.

        As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

---

[1] Plaintiff inappropriately filed objections to findings and recommendations, on January 26, 2005 (apparently in response to the January 12, 2005 order). On the same day, January 26, 2005, he filed his second amended complaint.

1

fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The second amended complaint consists of more than 30 pages, with an additional 60 pages of exhibits, not referenced or integrated within the complaint.[2]  Plaintiff attempts to bring this action not only pursuant to 42 U.S.C. § 1983, but also pursuant to 25 U.S.C. §§1912(a), 1914 and § 1903, claiming that the Yolo County courts and social services department violated the Indian Child Welfare Act (ICWA) in removing his minor child, to whom

---

[2] Plaintiff has subsequently submitted, on August 24, 2005, a supplemental filing of 115 pages and, on August 30, 2005, a further supplemental filing of 121 pages, most of which appear to be directed toward a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than appropriately relate in some way to a 42 U.S.C. § 1983 action.

he repeatedly refers as "the property" of her parents.  Second Amended Complaint (SAC), p. 2.
Plaintiff also claims that Yolo County Social Services Department and various employees
violated 18 U.S.C. §§ 241,[3] 872,[4] 1001,[5] 1963,[6] 2112,[7] 3571,[8] 3623,[9] and committed extortion,
racketeering, conspiracy and "exportation" of children.  Id.  In addition, plaintiff claims to have
suffered violations of his rights under the First, Fourth, Fifth, Sixth, Seventh and Fourteenth
Amendments.  He claims to have been charged a sum of $11,000 for child support by the Yolo
County Health and Human Services Agency.  Id.  He avers that the child's biological mother has
been subject to extortion for unnamed thousands of dollars.  The court will include herein a
relatively short excerpt from plaintiff's allegations verbatim:

> To remove a infant child from parents is one thing.  But to
> continually to cause grieve and suffering is in-repairable damage;
> And is a clear violation of the sovereig[] of God.  The petitioner
> could not request that the minor child be properly up-rooted.  In
> fear of the physical damage it would cause, the property, i.e., minor
> child Marinna Jessie Johnson was only 9 weeks; when she was
> abduct by Yolo County.  A jurisdictional requisite for a section
> 1983 action is that the defendants act under color of state law.
> (Monroe v. Pape (1961) 365 U.S. 167, 81 S. Ct. 473).  Which
> herein in this case factor there is a sophisticated system of social
> worker acting under the authority of Yolo County.  The minor
> child Marinna Jessie Johnson the property of Tyrone Daniel

---

[3] This federal criminal code section concerns two or more persons in a conspiracy to injure, oppress, etc., any person "in the free exercise or enjoyment of any right or privilege" secured by the constitution or laws of the U.S.

[4] This code section sets forth that officers or employees of the federal government committing acts of extortion under color of their office are subject to fine and/or imprisonment.

[5] This code section concerns the penalties for falsification of material facts in a federal government context.

[6] This section concerns the federal criminal penalty of property forfeiture for racketeering.

[7] This code section has as its subject the penalty for robbery or attempted robbery of personal property that belongs to the U.S.

[8] This statute is implicated when a defendant in federal court has been found guilty of an offense and sentenced to a fine.

[9] This code section has as its subject the transfer of a federal prisoner to state authority.

> Johnson, not only was abduct, by the social worker of Yolo County and Sacramento County. On October 14-99. The minor child Marinna Jessie Johnson, was taken to Standford Hospital and a full live liver, transplant was perform. There was no consent forms sign, by the father Tyrone Daniel Johnson. To give the social worker or Lucile Salter Packard.... The Power of Attorney nor authority. To disfigure or distort damage, the property of the Johnsons family.

SAC, pp. 3.

Plaintiff adds that his minor child had a birth defect, but her biological parents were deprived of the opportunity to donate a part of their liver(s). SAC, p. 4. He further claims that Stanford Hospital was misled, apparently by Yolo County, into believing that the child was up for adoption and that the parental rights of the biological parents had been terminated. Id. On July 12, 2001, the state court of appeal reversed the termination of parental rights. SAC, p. 5. On August 13, 2001, defendant Yolo County Judge Thomas E. Warriner ordered the prisoner to appear; apparently, there was an order for a social worker to contact the Cherokee Indian Tribe, which allegedly did not occur. Id. The judge refused to allow the matter to be litigated by a pro se, according to plaintiff, and at this time, he has no knowledge of where the minor child is. Id.

Plaintiff alleges that defendant Yolo County Department of Social Services social worker Vickie Hagen abducted Marinna Jessie Johnson and delivered her to Stanford Hospital; fabricated documents to allow an Indian infant under sovereign Indian law to have a full liver transplant, acting under color of law, without the consent of the minor's parents or the Secretary of the Interior. SAC, p. 6. Plaintiff then sets forth a litany of federal criminal statutes that he alleges this defendant violated, as noted above, asserting that this defendant is guilty of extortion, grand theft, fabricating and/or accepting false documents, conspiracy, racketeering. SAC, pp. 6-7.

Defendant Yolo County Social Worker Donna Smith is accused of the same or similar criminal activities, as are Yolo County employees Alissa Wilfrid; Mark Jones; Steve Stephen; Betty Stoltz is apparently a Yolo County deputy district attorney in the juvenile

division; Thomas E. Warriner is a Yolo County judge.  Also accused of related criminal activities are Child Protective Services employee Patricia Taba in Sacramento; Jerry Allard, apparently an employee of an agency located in Modesto related to foster homes; and a Social Services employee, Chris Dong, located in Palo Alto.  Plaintiff seeks punitive damages as well as a refund of monies that he has allegedly paid in child support.  SAC, pp. 16-17.

Plaintiff complains that he has been threatened and warned while at Pelican Bay not to pursue this matter, although he does not state in what manner and specifically by whom. SAC, pp. 29-30.

Plaintiff has failed to demonstrate how he may predicate a § 1983 claim upon any federal criminal statute.  In order to seek redress under § 1983, generally there must be a private right of action to enforce the underlying federal statute.  Keaukaha-Panaewa Comm. v. Hawaiian Homes, 739 F.2d 1467, 1470-71 (9th Cir.1984); Blessing v. Freestone, 520 U.S. 329, 339-344, 117 S.Ct. 1353, 1359-61 (1997); see also Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir.1994) (dismissing claims brought under federal criminal statutes because they do not provide private cause of action).  As plaintiff's allegations center primarily upon inapposite federal criminal code sections, this second amended complaint must be dismissed on that ground alone.

This court once again, as it did in its order dismissing plaintiff's first amended complaint, filed on January 12, 2005, takes judicial notice[10] of another case brought in federal court, Case No. Civ-S-02-59 LKK JFM P,[11] wherein plaintiff appears to have attempted to raise similar defective allegations, whereupon the action was dismissed.  In adopting, with

---

[10] A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[11] Although the case was transferred to Magistrate Judge Mueller by order filed on March 29, 2003, and is thereafter designated Civ-S-02-59 LKK KJM P, Judge Moulds authored the findings and recommendations recommending dismissal.

modifications, the <u>Findings and Recommendations</u>, filed on February 18, 2003, in his <u>Order</u>, filed on May 21, 2003, Judge Karlton asserted, inter alia, the following:

> The magistrate judge recommended dismissal, finding that plaintiff's cause of action was premised on the fact that he was not able to donate part of his own liver to be transplanted into his infant daughter, and that there was no cognizable constitutional right to donate part of one's liver. While plaintiff's second amended complaint does include this allegation, plaintiff objects that his complaint also contains additional allegations. Specifically, the plaintiff objects that his daughter received a liver transplant without her parents' consent and that, although the Court of Appeals has reversed the termination of parental rights, the lower courts have refused to comply with the order, leaving him with no knowledge of his daughter's whereabouts.
> ..................................................................................
>
> As to the lack of parental consent for the liver transplant, according to the documents appended to plaintiff's second amended complaint, the County of Yolo removed his daughter from her parents' custody before the transplant surgery because her parents neglected to provide medical care for her. Plaintiff does not allege that this initial removal was unwarranted or occurred in violation of due process. Thus, as there is no question "that neglectful parents may be separated from their children," <u>see</u> <u>Stanley v. Illinois</u>, 405 U.S. 645, 652 (1972), and because the state, as parens patriae, may order medical care for a child absent parental consent, <u>see</u>, <u>Prince v. Massachusetts</u>, 321 U.S. 158, 166-67 (1944), the plaintiff has not alleged a constitutional deprivation concerning the liver transplant received by his daughter.
>
> Plaintiff's allegation that the lower state courts have not complied with an appellate court order also fails to provide a basis for a claim in this court. First, by virtue of a July 12, 2001, decision by the California Court of Appeal, reversing the termination of parental rights,...any constitutional claim that the plaintiff might have concerning the termination of parental rights without due process appears moot. As for plaintiff's complaint that no action has been taken pursuant to the Court of Appeal's order, the plaintiff should bring that concern before the Court of Appeal. This court does not have the authority to ensure that the California courts honor the orders issued by the California Courts of Appeal.

Order, Case No. CIV, S-02-59 LKK JFM P, filed on May 21, 2003, pp. 2-4.

Judge Karlton's order has again been quoted at length because it does not appear that plaintiff has cured the defects of his earlier complaint in this new action. While in his

6

proposed second amended complaint, plaintiff makes some effort to allege that his infant daughter was removed from her biological parents in an unconstitutional manner and that the liver transplant effected upon his daughter was not carried out appropriately, he fails to cure the defects of his allegations.  As in the first amended complaint, plaintiff's second amended complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  The complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint."  McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996).  Plaintiff's allegations center on federal criminal statutes upon which he may not proceed, as noted, and the second amended complaint contains other defects.  Plaintiff continues to seek improperly to have this federal court enforce upon a lower state court an order from a state court of appeal.

In addition, specifically with respect to defendant Judge Warriner, the Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v. Ray, 386 U.S. 547 (1967).  A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872).  A judge's jurisdiction is quite broad.  The two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

1  Id. at 361.  Plaintiff's allegations relate to acts by Judge Warriner in the context of a court
2  proceeding for which that defendant enjoys immunity.   Plaintiff has had repeated opportunities
3  to rectify the allegations of his complaint, not only in this action but in a prior case.  Plaintiff has
4  failed to do so and this court cannot discern any likelihood that plaintiff will cure the defects of
5  this action by being provided any further opportunity to amend.   "A pro se litigant must be given
6  leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the
7  complaint could not be cured by amendment.'" Noll, 809 F.2d 1446, 1448 (quoting Broughton v.
8  Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block,
9  832 F.2d 1132, 1135-36 (9th Cir.1987).  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d
10 621, 623 (9th Cir. 1988).

11       "Under Ninth Circuit case law, district courts are only required to grant leave to
12 amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a
13 complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).   See also,
14 Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing
15 Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to
16 amend even if no request to amend the pleading was made, unless it determines that the pleading
17 could not be cured by the allegation of other facts.")   The court will recommend dismissal of this
18 action for plaintiff's failure to state a claim.

19       Finally, plaintiff mischaracterizes this case as one pursuant to 28 U.S.C. § 2254 in
20 his request for appointment of counsel in all three of the matters he states that he has pending
21 before this court.   The United States Supreme Court has ruled that district courts lack authority
22 to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist.
23 Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the
24 voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d
25 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In
26 the present case, the court does not find the required exceptional circumstances.  Plaintiff's

8

request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 24, 2005 request for the appointment of counsel is denied.

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/10/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:009
john1523.2am